IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH SMITH, ) | |
| ) | |
|       Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-616-GPM |
| ) | |
| WARDEN GAETZ, ) | |
| ) | |
|       Respondent. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

In January 2004, Petitioner Kenneth Smith pleaded guilty to first-degree murder and was sentenced by the Circuit Court for Cook County, Illinois, to a 25-year term of imprisonment. *See People v. Smith*, 847 N.E.2d 865, 866 (Ill. App. Ct. 2006).[1]

While Petitioner was confined at the Pinckneyville Correctional Center in December 2008, he was issued a disciplinary ticket for conspiring to escape, intimidation or threats, and dangerous communications. A Disciplinary Hearing was held and Petitioner was found guilty of the disciplinary charges. As a result, the following disciplinary sanctions were imposed on Petitioner: (1) one year placement on C-grade; (2) one year placement on segregation; (3) revocation of 6 months good conduct credit (or statutory good time credit); and (4) one year commissary restriction.

In January 2009, Petitioner – then apparently confined at the Menard Correctional Center

---

[1] Information from the Illinois Department of Corrections Inmate Locator Service confirms that Petitioner is serving a 25-year sentence for murder based on a conviction in Cook County, Illinois. Illinois Department of Corrections, http://www.idoc.state.il.us/subsections/search/inms.asp (last visited September 22, 2010).

(Menard) – was issued a disciplinary ticket for escape. After a Disciplinary Hearing, Petitioner was found guilty; he received the following disciplinary sanctions: (1) one year placement on C-grade; (2) one year placement on segregation; and (3) one year commissary restriction.

On July 9, 2010, while confined at the Stateville Correctional Center (Stateville), Petitioner filed in the United States District Court for the Northern District of Illinois an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the imposition of disciplinary sanctions based on the above-described disciplinary tickets. In his § 2254 habeas corpus petition, Petitioner contends that he is actually innocent of the disciplinary charges because he only wrote letters discussing escape plans, but he did not actually escape, conspire to escape, threaten, or intimidate anyone. On August 11, 2010, the Honorable Marvin E. Aspen, United States District Judge for the Northern District of Illinois, issued an order transferring Petitioner's § 2254 habeas corpus petition to this Court "pursuant to the discretion granted … under 28 U.S.C. § 2241(d)."

Federal district courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). As explained by the Supreme Court in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), "the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" *Id.* at 442, *citing Carbo v. United States*, 364 U.S. 611, 617 (1961). Therefore, the general rule for habeas jurisdiction requires that Petitioner be physically confined in the district.[2] As noted above, Petitioner is not actually confined in this District. He is confined at

---

[2] Prior to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), the Supreme Court had held that habeas jurisdiction depended on the presence of *both* the petitioner and his custodian within the territorial confines of the district court. *See Ahrens v. Clark*, 335 U.S. 188, 190-192 (1948). By allowing an Alabama prisoner to challenge a Kentucky detainer in the Western District of Kentucky, *Braden* changed course and held that, with regard to habeas challenges to future confinement, a federal court's habeas jurisdiction requires only "that the court issuing the writ have jurisdiction over the custodian." *Braden*, 410 U.S. at 495. *Braden*,

Stateville, which is located in the Northern District of Illinois.

Congress has explicitly crafted exceptions to the "district of confinement" requirement.  One of these exceptions is set forth in 28 U.S.C. § 2241(d).

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody **or in the district court for the district within which the State court was held which convicted and sentenced him and each court shall have concurrent jurisdiction to entertain the application.**  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d) (emphasis added).  In order for the "dual jurisdiction" provision of § 2241(d) to apply to the instant habeas petition, this Court would have to consider the prison Disciplinary Hearing Committee to be a "State court" and the disciplinary sanctions imposed to be a conviction and sentence.  Upon preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court questions the propriety of such a construction.

Neither Petitioner nor his immediate custodian is located within the territorial confines of this District, and the Court is unaware of any authority construing the prison disciplinary scheme as a state court.  Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** why this Court has jurisdiction to entertain the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner shall file his response to this Show Cause Order within thirty (30) days of the date of this Order.  If Petitioner fails to show cause why this Court has habeas jurisdiction within the time specified, then this action will be dismissed for lack of jurisdiction.

---

however, is inapplicable to this case because Petitioner's custodian is not located in this district either.

Finally, the federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]"  28 U.S.C. § 2242.  This person is generally the person who has immediate control over and is able to produce the body of the petitioner. *Padilla*, 542 U.S. at 434-35.  In this case, Petitioner's "immediate custodian" is Marcus Hardy, the Warden at Stateville.  Therefore, the Clerk of Court is **DIRECTED** to substitute Marcus Hardy, Warden at Stateville, for Warden Gaetz (formerly the Warden at Menard), as the proper respondent to this action.

**IT IS SO ORDERED.**

DATED:  10/05/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge